Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6169 | **DATE** | 5/9/2001 |
| **CASE TITLE** | FEDERATED DEPT. STORES, INC. vs. U.S. BANK NATIONAL ASSOCIATION | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

| | | |
|---|---|---|
| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
| (2) | ☐ | Brief in support of motion due _____. |
| (3) | ☐ | Answer brief to motion due_____. Reply to answer brief due_____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the Court grants defendant's motion to transfer pursuant to 28 U.S.C. Section 1404(a) [5-1]. The Court thus orders the Clerk of the court to transfer this case to the District of Nebraska. Defendant's motion for extension of time to answer or otherwise plead is denied as moot before this Court [8-1]. This is a final and appealable order. |
| (11) | ■ | [For further detail see order attached to the original minute order.] |

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAY 11 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | 14 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERATED DEPARTMENT STORES, INC., | |
| Plaintiff, | Judge Ronald A. Guzmán |
| v. | |
| U.S. BANK NATIONAL ASSOCIATION, | 00 C 6169 |
| Defendant. | |

**DOCKETED**
**MAY 1 1 2001**

## MEMORANDUM OPINION AND ORDER

The facts of this case involve alleged violations of the Nebraska Uniform Commercial Code and Nebraska common law by defendant, U.S. Bank National Association. Plaintiff, Federated Department Stores, Inc., sued defendant for allegedly honoring a check without the necessary endorsements. The defendant has moved to transfer this case to the United States District Court, District of Nebraska. For the reasons provided in this Memorandum Opinion and Order, defendant's motion is granted.

## FACTS

Plaintiff, Federated Department Stores, Inc. ("Federated"), is a Delaware corporation with its principal place of business in Cincinnati, Ohio. (Compl. ¶ 1.) U.S. Bank is a national banking association organized under the laws of the United States with its principal place of business in Minneapolis, Minnesota. (*Id.* ¶ 2.) The U.S. Bank branches primarily involved in this case are located in Omaha, Nebraska and Fremont, Nebraska. (Def.'s Mot. Transfer, Erikson Aff. Ex. 3 ¶¶ 6, 8-10.) UFX Transportation

/l

Corporation ("UFX") is a corporation with its corporate headquarters formally in Omaha and now in Fremont Nebraska. (*Id.* ¶ 6.)

On December 21, 1998, Kemper Insurance Company ("Kemper") issued a check from its office in Long Grove, Illinois in the amount of $448,888.81 jointly payable to Federated and UFX. (Compl. ¶ 5.) On March 17, 1999 Kemper issued another check from the same office in the amount of $11,720.40 to the same parties. (*Id.* ¶ 6.) The checks were drawn on Kemper's accounts in Illinois and addressed to UFX in Fremont, Nebraska. (*Id.* ¶¶ 5-6.) UFX presented the checks for deposit and payment with the U.S. Bank in Nebraska. (*Id.* ¶¶ 7-8.) Federated alleges that the two checks were improperly negotiated by the U.S. Bank because they lacked the plaintiff's necessary endorsement. (*Id.* ¶¶ 7-10.) In doing so, U.S. Bank allegedly violated the Nebraska Uniform Commercial Code and Nebraska common law. (*Id.* ¶¶ 14-28.)

Federated plans to present testimony of employees of its logistics department located at its corporate transportation office in Atlanta, Georgia and testimony of employees of its risk management department located at its headquarters in Cincinnati, Ohio. Relevant documents are located in these departments and can be easily transported. (Pl.'s Br. Opp. Def.'s Mot. Transfer at 3.)

U.S. Bank claims that they will present a number of non-Illinois resident witnesses. Donald Erikson, a Nebraska resident, is specified as providing key testimony in U.S. Bank's defense. (Def.'s Reply Br. Supp. Mot. Transfer, Erikson Suppl. Aff. Ex. A ¶ 2.) According to the defendant all of the crucial witnesses are non-parties and residents of Nebraska. (*Id.* ¶ 3.)

2

## DISCUSSION

A motion to transfer is governed by 28 U.S.C. § 1404(a). A federal district court, under 28 U.S.C. § 1404(a) may "for the convenience of the parties and witnesses and in the interest of justice...transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a); *Amoco Oil Co. v. Mobile Oil Corp.*, 90 F. Supp. 2d 958, 959 (N.D. Ill. 2000), *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). Such a transfer is appropriate where "(1) venue was proper in the transferor district, (2) venue and jurisdiction would be proper in the transferee district, and (3) the transfer will serve the convenience of the parties and the witnesses as well as the interests of justice." *United Air Lines, Inc. v. Mesa Airlines, Inc.*, 8 F. Supp. 2d 796, 798 (N.D. Ill. 1998), *Medi USA v. Jobst Inst., Inc.*, 791 F. Supp. 208, 210 (N.D. Ill. 1992). The court must analyze all three factors. Despite a party's ability to waive its convenience as a reason to transfer, the "interests of justice" and "convenience of witnesses" may not be ignored and when weighed may require the transfer. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989).

In deciding a motion to transfer pursuant to 28 U.S.C. § 1404(a), the court must analyze statutory factors in accordance with the circumstances of the case. *Coffey*, 796 F.2d at 219. Considering any factors for or against transfer "involves a large degree of subtlety and latitude, and therefore is committed to the sound discretion of the trial judge." *Id.* In order to aid the judge in weighing the factors, the "movant . . . has the burden of establishing, by reference to particular circumstances, that the transfer forum is clearly more convenient." *Id.* at 220; *United Air Lines*, 8 F. Supp. 2d at 798. Since

neither party disputes that venue is proper in both this district and in the district of Nebraska, the court turns to the convenience issue.

Under section 1404(a) in order to effectuate an appropriate transfer, the transferee court must be clearly more convenient than the transferor court. *Amoco Oil*, 90 F. Supp. 2d at 960. This determination is made on a case-by-case basis with a great deal of discretion afforded to the court. *Id.*

In order to fully consider this final element of the §1404 analyses, the court must address the private interests of the parties and the public interests of the court. *Medi USA*, 791 F. Supp. at 210. Factors in assessing private interests or considerations of convenience include: (1) plaintiff's choice of forum, (2) the situs of the material events, (3) the relative ease and access to sources of proof, (4) the convenience of the parties and (5) the convenience of the witnesses. *Amoco Oil*, 90 F. Supp. 2d at 960. Public interest factors or interests of justice relate to the court's familiarity with the applicable law, the speed at which the case will proceed to trial, and the desirability of resolving controversies in their locale. *Medi USA*, 791 F. Supp. at 210. These interests of justice "[are] a separate component of the § 1404 (a) transfer analysis and may be determinative in a particular case, even if the parties and witnesses might call for a different result. *Coffey*, 796 F.2d at 220.

A.  **Private Factors**

1.  **Plaintiff's Choice of Forum**

Generally a plaintiff's choice of forum is entitled to substantial weight where it is the plaintiff's home forum. *United Air Lines*, 8 F. Supp. 2d at 798; *Amoco Oil*, 90 F.

Supp. 2d at 960. While this choice is an important consideration, it is not absolute in determining whether a motion to transfer should be granted. *Id.* Where there exists a negligible connection between the plaintiff's choice and the claim, that "choice becomes only one of many factors the court considers." *Id.* at 961.

Although Federated has some connection to its chosen state, Illinois is not its home forum. The plaintiff is a Delaware corporation with its principal place of business in Ohio.

Additionally, a lack of connection to the heart of the controversy leads to further mitigation of the weight given to the plaintiff's choice. The only event connecting the present lawsuit to Illinois is that the checks at issue were drawn on Kemper's bank account in Long Grove, Illinois. However, the heart of Federated's claim relates to the wrongful payment and processing of those checks in Nebraska. Accordingly, Federated's choice has a less significant connection to the claim and is not afforded significant weight in the Court's analysis.

2.  **Situs of Material Events**

Count I of the complaint alleges that defendant violated the Nebraska Uniform Commercial Code ("Nebraska UCC") by setting forth payment on the checks without Federated's endorsement. (Compl. ¶ 16.) Count II relates to a failure of the defendant to exercise ordinary care in handling the transaction by accepting for deposit and paying the checks without Federated's endorsement. (*Id.* ¶ 20.) Count III relates to a breach of warranty for the same act under the Nebraska UCC. (*Id.* ¶ 23.) Finally, Count IV

alleges conversion based on the purported wrongful acceptance, deposit and payment of the checks. (*Id.* ¶ 26.)

The cause of action in this case did not arise in Illinois. The only connection to Illinois is that Kemper drew the two checks at issue, payable to Federated and UFX, in Illinois. The cause of action primarily arose from acts committed in Nebraska. The checks were deposited by UFX in the Fremont, Nebraska branch of U.S. Bank and processed at U.S. Bank's check processing center in Omaha, Nebraska. In this case, the signing, presentment, processing and payment of the checks are the important and allegedly wrongful acts, and Nebraska is the situs where the material events took place. Given the lack of dispute over the events in Illinois, the situs of material events weighs in favor of the transfer.

### 3.   Relative Ease of Access to Sources of Proof

That either party can bring to court relevant documents that are not already there "neither mitigates for or against transfer." *Hanley v. Omarc, Inc.*, 6 F. Supp. 2d 770, 775 (N.D. Ill. 1998). Federated claims that the documents necessary to prove its case are located neither in this district nor in Nebraska. Federated plans to use copies of the checks along with correspondence and other records located in Atlanta and Cincinnati. These documents are purportedly not voluminous and may be easily transported. Therefore, with regard to access to proof, the location of documents weighs neither for nor against a transfer.

Federated has also conceded that the relevant sources of proof in this case will be the documents and the witnesses called to testify about them. U.S. Bank plans to rely on

6

the testimony of UFX representatives who presented the checks for payment. According to U.S. Bank, these crucial non-party witnesses are residents of Nebraska. It follows that the employees of UFX would have critical information concerning the relevant events.

Given the neutrality involving the relevant documents, the failure of Federated to indicate non-party, Illinois resident witnesses, and the critical non-party, Nebraska resident witnesses to be called in U.S. Bank's defense, the relative ease of access to sources of proof weighs slightly in favor of a transfer.

4.   **Convenience of the Parties**

Next, the court "considers the residence of the parties and their ability to bear the expense of trial in a particular forum." *Medi USA*, 791 F. Supp. at 210. Neither party is incorporated or has its principal place of business in Illinois or Nebraska. Both parties concede that regardless of where this case proceeds, both corporations will incur travel expenses as a result of this suit. The negligible difference in airfares and volume of flights between these cities illustrated by the plaintiff is not significant enough to weigh for or against transfer. Therefore, the convenience of the parties factor weighs neither in favor nor against a transfer.

5.   **Convenience of the Witnesses**

The identification of "potential, non-party witnesses who will be inconvenienced in having to travel to another forum to provide testimony" in an action is relevant to determining which venue is most convenient for the witnesses. *Amoco Oil*, 90 F. Supp. 2d at 961. In fact, "the convenience of witnesses is often viewed as the most important

7

factor in the transfer balance." *Hanley*, 6 F. Supp. 2d at 775. In making this assessment the number of witnesses located in each forum and the importance of their testimony must be considered. *Medi USA*, 791 F. Supp. at 210. The party seeking a transfer must specify the key witnesses to be called and make a generalized statement of their testimony. *Heller Fin., Inc.*, 883 F.2d at 1293.

Defendant asserts that Donald L. Erikson, Vice President of U.S. Bank and Relationship Manager in charge of UFX's former account there, will testify about account activity, information concerning the Kemper checks at issue, and routing information regarding the funds from Kemper to UFX to Federated. (Def.'s Reply Br. Supp. Mot. Transfer, Erikson Suppl. Aff. Ex. A ¶ 2.) Erikson works and resides in the Omaha, Nebraska area.

Although the court assigns less weight to the location of employee-witnesses because they would presumably appear voluntarily to defend suit, the movant indicates a number of crucial witnesses that are non-parties and residents of Nebraska. *Hanley*, 6 F. Supp. 2d at 775. Consistent with defendant's view, it is reasonable to assume that UFX employees would have information concerning what funds Kemper paid and the relationship of that money to Federated. The testimony of UFX employees therefore is critical with regard to plaintiff's right to recovery. UFX employees with the most knowledge concerning the relevant affairs have been listed by the movant as Tim Davis, President and CEO of UFX, who lives in Elkhorn Nebraska, Margie Russell, Secretary of UFX, who also lives in Elkhorn, Nebraska and Maura Cayson, who lives in Omaha, Nebraska. (Def.'s Reply Br. Supp. Mot. Transfer, Erikson Suppl. Aff. Ex. A ¶ 3.)

U.S. Bank also indicates that bank employees of the First National Bank of Omaha ("First National") can testify as to whether certain funds were actually paid from UFX's main bank account at First National to Federated. Those witnesses are listed as Tom Pritchard, the officer in charge of UFX's account and his superior Stephanie Moline. (*Id.*) Both of these witnesses still work in Nebraska. (*Id.*) In sum, given U.S. Bank's presentation of pertinent non-party witnesses who either work or reside in Nebraska and Federated's failure to identify non-party witnesses either outside Nebraska or inside Illinois, this factor weighs heavily in favor of the transfer.

The convenience of witnesses factor, in conjunction with the situs of material events and the ease of access to sources of proof factors, weigh significantly in favor of a transfer to the District of Nebraska. When taking into account the neutrality of the convenience of the parties, the plaintiff's choice of forum has a minimal effect in the analysis. Therefore, the private factors collectively weigh in favor of the transfer to Nebraska.

### B.  Public Factors
### 1.  The Court's Familiarity with Applicable Law

Nebraska law governs plaintiff's claims. Two claims are based upon the Uniform Commercial Code and two claims are based on Nebraska common law negligence and conversion. Although the Nebraska court is more familiar with substantive Nebraska law than the Northern District of Illinois, courts often decide substantive legal questions based on other state's laws. *Amoco Oil*, 90 F. Supp. 2d at 962. Where the law in question is neither complex nor unsettled, the interests of justice remain neutral between

the competing courts. *Bodine's, Inc. v. Sunny-O, Inc.*, 494 F. Supp. 1279, 1286-87 (N.D. Ill. 1980).

Here, the law in question is not so complex as to be beyond the comprehension of the Illinois court. The applicable section of the Nebraska UCC is not different from the UCC. Both address the liability of parties under Article 3 Part 4 and the depository and collecting banks under Article 4 Part 2. NEB. REV. STAT. UCC §§ 3-420, 4-207. Neither party asserts any difference, and the Court finds none, between these sections of the two versions. Moreover, the UCC was meant to apply consistently throughout all participating jurisdictions. The UCC "attempts to give all parties . . . methods to protect themselves in the event of legal complications." *In re Pearson Inds., Inc.*, 147 B.R. 914, 925 (Bankr. C.D. Ill. 1992). The UCC's integrity rests on the preservation of this universal framework for commerce in assuring parties of the necessary means for such protection is available in all UCC jurisdictions. *Id.*

Common law negligence and conversion are also within the understanding of the Illinois court because, as the plaintiff indicates, the law is neither complex nor unsettled. Therefore, the Court's familiarity with the applicable law weighs neither for nor against a transfer.

### 2. The Speed at Which the Case Will Proceed to Trial

For the purposes of evaluating the speed at which a case will proceed to trial, the court turns to the Federal Court Management Statistics for "(1) the median months from filing to disposition and (2) the median months from filing to trial." *Amoco Oil*, 90 F. Supp. 2d at 962. The median time from filing to disposition of all civil cases was five

months in this district and ten months in the District of Nebraska. (Pl.'s Br. Opp. Def.'s Mot. Transfer at 12.) The median time from filing to trial was twenty-eight months in this district and twenty-one months in the District of Nebraska. (Def.'s Rep. Br. Supp. Mot. Transfer at 6.) These statistics suggest that while the parties would receive a trial quicker in this district, they are more likely to receive a quicker resolution in the Northern District of Illinois. Accordingly, this factor weighs neither for nor against a transfer.

### 3. The Relation of the Community to the Occurrence and the Desirability of Resolving Controversies in Their Locale

Although the time intervals and relevant law are relevant in assessing the interests of justice, those considerations alone are not dispositive. *United Air Lines*, 8 F. Supp. 2d at 800. "Resolving litigated controversies in their locale is a desirable goal of the federal courts." *Doage v. Board of Regents*, 950 F. Supp. 258, 262 (N.D. Ill. 1997). The instant dispute involves a minimal connection to Illinois. Both parties are incorporated and have their principal places of business in other states. The relevant law will be analyzed pursuant to Nebraska law. There are no witnesses providing crucial evidence located in Illinois. Finally, as discussed above, the material events relate to Nebraska concerns and did not take place in Illinois.

Although the plaintiff correctly urges that the present litigation has a connection to all states because all citizens have an interest in ensuring that banks adhere to the standards of the UCC, Nebraska has a far more defined interest in the present litigation. The citizens of Nebraska have an interest in the actions of their local banks and

11

Nebraska courts have an interest in overseeing their local banks. Therefore, the relation of the community to the issue of the litigation weighs in favor of the transfer.

In light of the neutrality of the other two public interest factors, the public interests as a whole weigh slightly in favor of the transfer. Therefore, the private and public interest factors weigh in favor of transferring the case to the United States District Court for the District of Nebraska.

## CONCLUSION

For the foregoing reasons, the Court grants defendant's motion to transfer pursuant to 28 U.S.C. § 1404(a) [docket no. 5-1]. The Court thus orders the Clerk of the Court to transfer this case to the District of Nebraska. Defendant's motion for extension of time to answer or otherwise plead is denied as moot before this Court [docket no. 8-1]. This is a final and appealable order.

**SO ORDERED**  ENTERED: 5/9/07

**HON. RONALD GUZMAN**
**United States Judge**